UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81204-CIV-MARRA/JOHNSON

MONICA A. HARMON,

Plaintiff,

vs.

GULF COAST COLLECTION BUREAU, INC.,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Gulf Coast Collection Bureau, Inc's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE 9).  Plaintiff Monica A. Harmon ("Plaintiff") has filed a response. (DE 12.)  Defendant has not filed a reply memorandum.

Plaintiff has filed a seven-count Complaint alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a ("FDCPA") (counts one-four), the Florida Consumer Collection Practices Act, Florida Statute § 559.55 ("FCCPA") (counts five-six) and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (count seven).  According to the allegations of the Complaint, Defendant has attempted to collect an unpaid bill from Plaintiff by placing voicemail messages on Plaintiff's cellular telephone. (Compl. ¶ ¶ 10-15.) The Complaint alleges jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. (Compl. ¶ 2.)

Defendant moves to dismiss the TCPA claim "because the federal court does not possess subject matter jurisdiction over private actions brought pursuant to the [TCPA]." (Mot. at 2.)  In

response, Plaintiff states that she has alleged supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and the facts relating to the TCPA claim are related to the claim under the FDCPA; namely, Defendant's telephone calls to Plaintiff. (Resp. at 1-2.)  Significantly, Defendant does not argue that this Court cannot properly exercise supplemental jurisdiction.

The TCPA prohibits "any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA creates a private right of action that may be filed "if otherwise permitted by the laws or rules of court of a State . . . in an appropriate court of that State."  47 U.S.C. § 227(b)(3).

The United States Court of Appeals for Eleventh Circuit has ruled that "federal courts lack subject matter jurisdiction [over] private actions" under the TCPA.  Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1288-89 (11th Cir. 1998), modified, 140 F.3d 898 (11th Cir. 1998); Mims v. Arrow Fin. Srvcs., LLC, No. 1012077, 2010 WL 4840430, at * 1 (11th Cir. Nov. 30, 2010) (per curiam).  In considering this issue, the Court addressed a Complaint alleging only a claim pursuant to the TCPA.  Here, Plaintiff brings other claims, including a FDCPA claim, which grants federal-question jurisdiction.  Hence, this Court can extend supplemental jurisdiction over the TCPA claim. See, e.g., Ortega v. Collectors Training Institute of Illinois, Inc., No. 09-21744-CIV, 2011 WL 241948, at * 3 n.5 (S.D. Fla. Jan. 24, 2011) (noting that Nicholson only addressed whether federal question jurisdiction was proper under the TCPA and also deciding to exercise supplemental jurisdiction over the TCPA claim); Driesen v. First Revenue Assurance, LLC, No. CV 10-8061-PCT-MHM, 2010 WL 5090363, at * 2 (D. Ariz.

Dec. 8, 2010) ("Courts that have considered this issue, however, have concluded that federal courts can have supplemental jurisdiction over TCPA claims under 28 U.S.C. § 1367(a)"); Brown v. Hosto & Buchan, PLLC, — F. Supp. 2d —, 2010 WL 4352932, at * 8 (W.D. Tenn. Nov. 2, 2010) ("This Court may and should exercise supplemental jurisdiction over Brown's TCPA claim."); Watson v. NCO Group, Inc., 462 F. Supp. 2d 641, 646 (E.D. Pa. 2006) (supplemental jurisdiction may be extended over the TCPA claim); cf. Gottlieb v. Carnival Corp., 436 F.3d 335, 336 (2d Cir. 2006) (holding that, although lacking federal question jurisdiction, federal courts could entertain TCPA claims if diversity jurisdiction existed).

Under 28 U.S.C. § 1367, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The allegations of the Complaint demonstrate that the claims arise from the same case or controversy as well as the same facts. See Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir.1996) (in determining whether state law claims "are so related" to a federal claim, a court should examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence"); Lucero v. Trosch,121 F.3d 591, 598 (11th Cir. 1997) (finding state and federal claims derive from common nucleus of operative facts because the claims rely on identical actions of defendants). Indeed, if the Court did not extend supplemental jurisdiction over the TCPA claim, there could potentially be two different actions, in two different fora, with two different legal conclusions, despite the same facts. This would hardly serve the goal of judicial efficiency.[1]

---

[1] Of course, if circumstances changed, and the federal claims were disposed of, the Court could then decline to exercise supplemental jurisdiction. Section 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a)

For these reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Gulf Coast Collection Bureau, Inc's Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE 9) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of March, 2011.

                                              KENNETH A. MARRA
                                              United States District Judge

---

if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3); see Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir.1997) ("After dismissing Panama's federal claims against the ... defendants, the district court correctly dismissed its remaining state law claims against these defendants").